UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REGINALD BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>AARON JOHNSON, et al.,<br><br>Defendants. | CAUSE NO. 1:25-CV-504-GSL-AZ |

OPINION AND ORDER

Reginald Brooks, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 29.) As a preliminary matter, Brooks filed several motions. He filed two motions asking that that his case advance to screening under 28 U.S.C. § 1915A. (ECF 35, 39.) These requests are granted. He also moves for leave to amend his complaint, his fourth such amendment, but he did not submit a proposed pleading with his motion as required by N.D. Ind. L.R. 15-1. (*See* ECF 37.) His motion will be denied, and the court will treat his amended complaint filed in February 2026 as the operative pleading. (*See* ECF 29.)

Pursuant to 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Brooks is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Brooks was recently convicted of murder in Allen County and sentenced to serve 65 years in prison.[1] *Brooks v. State*, No. 02D05-2501-MR-000004 (Allen Sup. Ct. closed Oct. 30, 2026). His amended complaint is somewhat difficult to follow, but it can be discerned that he claims Fort Wayne police officers engaged in misconduct during the murder investigation. He claims that that they "fabricated" evidence and "recreated the crime scene" in an effort to frame him, including drilling a hole in his bathroom wall to make it look like a bullet hole; manipulating the testimony of the victim's minor son; and editing the video of his interrogation to make it look "very misleading." He claims he could not have shot the victim in the manner alleged by the police, and that police lied about finding a gun on a towel in his bathroom. Based on these events, he sues multiple officers and their employer, the Fort Wayne Police Department, seeking $90 million in damages and other relief.

Brooks cannot seek to have his criminal conviction overturned in a civil rights lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive

---

[1] According to the probable cause affidavit, police were called to a residence in Fort Wayne, wherein a 16-year-old boy reported that Brooks, his mother's boyfriend, had shot her during an argument. She was taken to a hospital but pronounced dead a short time later. A gun was recovered, and Brooks told police he had "barely touched the trigger" when the gun went off. *See Brooks*, No. 02D05-2501-MR-000004 (docket entry dated Jan. 31, 2025). He was subsequently convicted of murder. *Id.* (docket entry dated Oct. 2, 2026). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). He also cannot pursue a claim for damages in this civil suit based on a theory that his outstanding murder conviction is false or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). A civil claim that necessarily implies the invalidity of an outstanding criminal conviction "must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019).

Claims against police pertaining to certain types of wrongdoing, such as using excessive force or making an arrest without probable cause, are not necessarily barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). Here, however, the court understands Brooks to be claiming that the police fabricated evidence to frame him on false charges, which implicates the validity of his outstanding conviction. *See Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (en banc) (claim that officer fabricated evidence is best understood as malicious prosecution claim, which cannot be brought unless criminal proceeding terminates in the defendant's favor or conviction is vacated); *Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) (claim challenging evidence obtained incident to arrest or seizure of evidence is barred by *Heck*). Such claims cannot be brought unless and until his murder conviction is overturned and must be dismissed without prejudice. *Johnson*, 944 F.3d at 968.

Additionally, his claim against the Fort Wayne Police Department is not cognizable. Municipal police departments are not suable entities under Indiana law and thus cannot be sued for constitutional violations. *See* IND. CODE § 36-1-2-10; IND. CODE § 36-1-2-23; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

Therefore, the amended complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

Brooks already amended his complaint twice. (ECF 1, 21, 29.) The claims in his amended complaint are barred by *Heck* or are not cognizable. "The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). The court finds no basis to conclude that if given another opportunity, Brooks could assert a viable constitutional claim, consistent with public records and what he has already alleged under penalty of perjury. Therefore, it would be futile to permit him to amend again.

For these reasons, the court:

(1) GRANTS the plaintiff's motions to advance the case to screening (ECF 35, 39);

(2) DENIES the plaintiff's motion to amend (ECF 37);

(3) DISMISSES this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and DISMISSES WITHOUT PREJUDICE all claims in the amended complaint that are incompatible with the plaintiff's outstanding murder conviction; and

(4) DIRECTS the clerk to close the case.

SO ORDERED on October 30, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT